IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | FILED: MAY 3, 2008 |
| ) | 08 CV 2531   JH |
| CITY OF CHICAGO, a municipal ) | JUDGE DOW |
| corporation, OFFICER THOMAS ) | MAGISTRATE JUDGE ASHMAN |
| CAREY, Star No. 18795, OFFICER ) | |
| DANIEL BORA, Star No. 19830, ) | |
| OFFICER EDWARD May, Star No. 16474, ) | |
| OFFICER EDWARD CARROLL, Star No. ) | |
| 7467, OFFICER SERGIO GONZALEZ, ) | |
| Star No. 15660, OFFICER GREGORIO ) | |
| ANDERSON, Star No. 12041, Chicago ) | |
| Police Officers in their individual ) | |
| capacity, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES Plaintiff, Michael Jones, by and through his attorneys, DVORAK, TOPPEL & BARRIDO, LLC, and complaining of Defendants City of Chicago, Officer Thomas Carey (Star No. 18795), Officer Daniel Bora (Star No. 19830), Officer Edward May (Star No. 16474), Officer Edward Carroll (Star No. 7467), and Officer Gregorio Anderson (Star No. 12041) (collectively "the Defendant Officers"), states as follows:

### Jurisdiction/Venue

1. This incident occurred on May 12, 2007 in the City of Chicago, County of Cook, Illinois.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a), the Constitution of the United States, and the supplementary jurisdiction of this Court, as provided under 28 U.S.C. § 1367(a).

## Parties

3. At all relevant times pertaining to this occurrence, Plaintiff was a resident of Chicago, Cook County, Illinois.

4. At the time of the occurrence, Defendant City of Chicago was a municipal corporation, and the principal employer of the Defendant Officers, who were acting under color of law and within the course and scope of their employment with the City of Chicago.

## Facts

5. On or about May 12, 2007, the Plaintiff was in the vicinity of 4523 West Jackson Boulevard, Chicago, Illinois.

6. Plaintiff was inside a friend's home at or near 4523 West Jackson Boulevard, when an altercation between other individuals began outside the house.

7. Plaintiff was not involved in the altercation, although he watched from a window in the upper level of the house.

8. Some or all of the Defendant Officers arrived at the scene of the altercation.

9. The first officers to arrive were uniformed Chicago Police Officers, while the officers who arrived moments later were plain clothes officers of the Chicago Police Department.

10. Shortly after the Defendant Officers' arrival, the officers entered the home.

11. Plaintiff was, then and there, stopped, seized, searched, and arrested by the Defendant Officers without probable cause or legal justification.

12. Thereafter, Plaintiff was charged with a felony offense of unlawful use of a weapon for which he was in custody until July 3, 2007, and which was terminated in Plaintiff's favor on or about January 14, 2008 in a manner indicative of Plaintiff's innocence.

## COUNT I - 42 U.S.C. § 1983 False Arrest

(Plaintiff v. the Defendant Officers)

13. Plaintiff re-alleges paragraphs 1-12 and incorporates them herein as though stated in full.

14. The actions of the Defendant Officers in falsely seizing, searching and ultimately arresting Plaintiff without probable cause violated Plaintiff's rights under the Fourth Amendment to the United States Constitution to be secure in his person, papers, and effects against unreasonable searches and seizures; thus, the Defendant Officers violated 42 U.S.C. § 1983.

15. As the proximate result of the aforementioned actions by the Defendant Officers, Plaintiff suffered significant loss of freedom, emotional suffering, and psychological damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands compensatory damages against the Defendant Officers, and because each acted maliciously, wantonly and oppressively, Plaintiff demands substantial punitive damages, plus costs, attorney's fees and any other additional relief this Court deems equitable and just.

## COUNT II - Illinois State Law Claim of False Imprisonment

(Plaintiff v. the Defendant Officers and the City of Chicago)

16. Plaintiff re-alleges paragraphs 1-12 and incorporates them herein as though stated in full.

17. One or more of the Defendant Officers, as employed by the Defendant Municipality, placed handcuffs or similar restraint onto the Plaintiff on the day of the incident and arrested

Plaintiff, restricting Plaintiff's freedom of movement, and this was done without legal justification.

18. The actions of one or more of the Defendant Officers were the direct and proximate cause of the injuries suffered by Plaintiff, as described above.

19. One or more of the Defendant Officers were acting in the course and scope of their employment with the Defendant Municipality in taking these unlawful actions against the Plaintiff, and thus the City of Chicago is liable based on the theory of *respondeat superior*.

WHEREFORE, Plaintiff demands compensatory damages against the Defendant City of Chicago, plus costs and any other additional relief this Court deems equitable and just.

## COUNT III - Illinois State Law Claim of Malicious Prosecution

(Plaintiff v. the Defendant Officers and City of Chicago)

20. Plaintiff re-alleges paragraphs 1-12 and incorporates them herein as though stated in full.

21. Plaintiff was falsely charged by one or more of the Defendant Officers with a felony offense, even though the Defendant Officers knew there was no probable cause for these charges to be filed against the Plaintiff. The Defendant Officers took such actions with malicious intent to prosecute the Plaintiff in an effort to cover-up their actions and the actions of their fellow officers.

22. The Defendant Officers' actions played a substantial role in the prosecution of Plaintiff.

23. In taking these actions, the Defendant Officers acted within the course and scope of their employment with the City of Chicago, and thus the Defendant Municipality is liable under the theory of *respondeat superior*.

24. On or about January 14, 2008, having been found not guilty at trial, all charges against the Plaintiff were terminated.

WHEREFORE, Plaintiff demands compensatory damages against the Defendant Officers and the City of Chicago, plus punitive damages against the Defendant Officers as well as costs and any other additional relief this Court deems equitable and just.

## COUNT IV - Indemnification

(Plaintiff v. City of Chicago)

25. Plaintiff re-alleges paragraphs 1-12 and incorporates them herein as though stated in full.

26. The Defendant City of Chicago is the indemnifying entity for the actions described in this Complaint; to wit, the actions of the Defendant Officers against Plaintiff, which were taken while acting under color of law and in the course and scope of their employment with the City of Chicago.

WHEREFORE, should the Defendant Officers be found liable on one or more of the claims set forth herein, Plaintiff demands that the Defendant City of Chicago be found liable for any judgment, other than punitive damages, Plaintiff obtains thereon.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

                                              /s/ Brian J. Barrido
                                              Brian J. Barrido,
                                              One of the Attorneys for Plaintiff

Brian J. Barrido
DVORAK, TOPPEL & BARRIDO, LLC
3859 W. 26th St.
Chicago, IL 60623
(773) 521-1300
(773) 521-4400 (fax)
Attorney No. 6274524
brian.barrido@civilrightsdefenders.com